IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Allen GRAMZA, Attorney at Law.

Supreme Court

*No. 82–214–D. Filed January 5, 1983.*
(Also reported in 327 N.W.2d 710.)

PER CURIAM.  *Attorney disciplinary proceeding; attorney's licensed revoked.*

On February 5, 1982, the Board of Attorneys Professional Responsibility (Board) filed with the court a complaint alleging that Allen Gramza, an attorney licensed to practice law in Wisconsin since 1949, and who formerly resided in Racine county and who was employed by the federal government as an administrative law judge with the Social Security Administration, was guilty of unprofessional conduct while acting as special administrator and, later, as personal representative of the estates of his brother and sister-in-law, who died on March 16, 1969. The respondent served as personal representative of the estate until April 28, 1978, at which time he resigned, leaving the estates open and incomplete. The respondent also acted as attorney for the estates on behalf of the sole heir of the decedents, who was also the sole ultimate beneficial owner of all life insurance proceeds and of all proceeds from wrongful death claims.

The Board alleged that the respondent, in his fiduciary capacities, received money and assets, including all probate assets of the estates, the proceeds of life insurance and the proceeds of a settlement of wrongful death claims, totaling at least $536,000. Of the funds received, the respondent allegedly made disbursements for funeral and administration expenses, administration taxes and losses and distributions to the heir, in a total amount of $372,000. Despite numerous and repeated demands upon the respondent for an accounting and delivery of all remaining assets, the respondent failed to account for those assets and deliver them to the owner thereof.

The Board alleged that the respondent intentionally used, transferred, concealed or retained possession of assets without the owner's consent and contrary to his duties as a fiduciary, with the intent to convert such funds to his own use or to the use of persons other than the owner, in violation of sec. 943.20(1)(b), Stats., and SCR 20.04(4). It was also alleged that the respondent violated SCR 20.32(3) in that he neglected legal matters entrusted to him by failing to timely complete and close the estates, that he commingled with his own funds money and assets received as a fiduciary and failed to maintain the funds in an appropriate trust account, in violation of SCR 11.05(1), that he failed to maintain complete records of all funds, securities and other properties received in his fiduciary capacities and failed to render appropriate accounts regarding them, in violation of SCR 20.50(2)(c), and that he violated SCR 20.50(2)(d) by failing to promptly pay or deliver the funds, securities and other property which came into his possession as a fiduciary to the owner thereof.

We appointed the Hon. John A. Fiorenza, reserve judge, as referee. On February 16, 1982, the respondent filed an answer and affirmative defense, in which he denied having acted as attorney for the estates for the

beneficiary of the wrongful death claims and denied the total amount of assets he received in the estates and that he failed to account for and deliver them to the owner. The respondent affirmatively alleged that in dealing with the federal and state tax authorities, he was led to believe that the proceeds of the wrongful death settlement were not subject to inheritance tax nor includable in the decedents' estates. He filed papers relative to the estate taxes and prepared to close the estates on that basis, and he turned over to the heir that portion of the funds representing her share of the wrongful death settlement. Subsequently, on January 30, 1971, the heir, by agreement, gave a development corporation and the respondent, individually, the sum of $80,000 in exchange for a ten-year note, with the understanding that the money was to be invested and the daughter to be the beneficiary of those investments.

The respondent also alleged that the Internal Revenue Service disputed the exclusion of the wrongful death benefits from the estates and that the state Department of Revenue did likewise. As a result, the closing of the estates was delayed because it became necessary to settle the dispute, which was ultimately resolved by a determination that the estates did not owe inheritance tax on the proceeds of the wrongful death settlement. The respondent alleged that he attempted to secure the services of another attorney to help him close the estates when it became practical and feasible to do so after the tax dispute had been resolved. He further alleged that at a court hearing in the probate matters, the presiding judge refused to accept certain items into evidence and refused to accept certain statements of the heir which had been made under oath in depositions in an ancillary matter.

The referee filed his report with the court on September 24, 1982, in which he noted that the respondent failed

to appear at the hearing in the disciplinary proceeding, although notice thereof had been given to him by the attorney whom the respondent had retained to represent him at the commencement of the disciplinary proceeding and who continued to do so until one month before the hearing date, at which time the respondent discharged him. The referee found that the respondent received certain moneys and assets from the probate of the estates and accounted to the probate court or the heir for all moneys coming into his possession. The referee also found that the circuit court for Racine county appointed a referee to determine what assets came into the respondent's possession and what disbursements were made for and on behalf of the estates, who made the determination that there was a deficiency of approximately $165,000 which was not accounted for by the respondent.

The referee in this disciplinary proceeding concluded that the respondent violated SCR 20.04(4) by intentionally using, transferring, concealing or retaining possession of certain moneys without the owner's consent, contrary to his duties as a fiduciary and with the intent to convert those funds to his own use. The referee also concluded that the respondent violated SCR 20.32(3) by neglecting to attend to the legal matters entrusted to him as an attorney by failing to timely complete and close the estates, that he commingled money and assets received in his fiduciary capacity with his own, in violation of SCR 11.05(1), that he failed to maintain complete records of all funds, securities and other properties received in his fiduciary capacity and failed to render a proper accounting to his client, contrary to SCR 20.50 (2)(c), and that he failed to promptly pay or deliver to the owner certain funds, securities and other property which came into his possession in his fiduciary capacity, in violation of SCR 20.50(2)(d). The referee recommended that the respondent's license to practice law in

Wisconsin be revoked and that he be assessed the costs of the disciplinary proceeding.

On October 13, 1982, the respondent filed a notice of appeal from the referee's report, in which he stated that the disciplinary proceeding violated his due process rights in that no notice was served upon him of the time and place of the hearing, he was not a resident of Wisconsin prior to commencement of the proceeding, he was a resident of Colorado prior to and during the proceeding, he was not represented by a Wisconsin attorney or by any attorney at the hearing and the referee had knowledge of these facts and proceeded with the hearing without proper notice and without according him the right of representation. The respondent also stated that the disciplinary proceeding should be held in abeyance pending the outcome of a federal court action commenced by him against the heir, her attorneys, the Racine county circuit judge and others.

The office of the clerk of this court notified the respondent of the briefing schedule set forth in sec. (Rule) 809.19, Stats., which is applicable to an appeal from the report and recommendation of the referee in an attorney disciplinary proceeding. SCR 21.09 (6). No brief was filed by the respondent within the prescribed time, and on November 30, 1982, an order issued from the office of the clerk that unless the respondent's brief and appendix were served and filed within five days of the date of that order or an extension requested under sec. (Rule) 809.14, Stats., with good cause shown why the brief was not timely filed, the appeal would be dismissed under sec. (Rule) 809.83, Stats. The respondent has not yet filed his brief and, pursuant to the court's order, that appeal is hereby dismissed.

We agree with the findings, conclusions and recommendation of the referee in this matter.

It is ordered that the license of Allen Gramza to practice law in Wisconsin is revoked effective the date of this order.

It is further ordered that within 60 days of the date of this order Allen Gramza pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $3,025.24.